[614 NYS2d 261]

In the Matter of PETER P. GALLOWAY (Admitted as PETER PHILLIPS GALLOWAY), an Attorney, Resignor.

Second Department, May 31, 1994

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gary D. Egerman* of counsel), for Grievance Committee for the Ninth Judicial District.

*Brennan, Fabriani & Novenstern,* Mt. Kisco *(Timothy J. Brennan* of counsel), for resignor.

### OPINION OF THE COURT

Per Curiam.

Peter P. Galloway has submitted an affidavit dated March

31, 1994, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Galloway was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on December 18, 1967, under the name Peter Phillips Galloway.

Mr. Galloway is aware that he is the subject of an investigation by the Grievance Committee for the Ninth Judicial District and that the Committee has moved to suspend him from the practice of law and for authorization to institute and prosecute a disciplinary proceeding against him. Mr. Galloway acknowledges that the Grievance Committee's application alleges that he failed to cooperate with an investigation into allegations of professional misconduct and that he failed to account for escrow funds being held by him. He acknowledges that he could not defend himself on the merits against the allegations currently pending before the Court.

Mr. Galloway's proffered resignation expressly states that he is aware that any order permitting him to resign may require him to make monetary restitution to any person whose money or property was misapplied or to reimburse the Lawyers' Fund for Client Protection of the State of New York pursuant to Judiciary Law § 90 (6-a). Furthermore, Mr. Galloway is aware that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him and he specifically waived the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The resignor has arranged to establish an escrow fund with the consent and approval of the Grievance Committee, from which claimants may draw. The resignor has provided the following list of potential claimants and the amounts entrusted by each claimant to the respondent:

| | |
|---|---|
| 1) Horace Reynolds | $14,416.90 |
| 2) Peter and Susan Longo | 12,433.00 |
| 3) Estate of Rose Tardibuono | 12,771.77 |
| 4) Arthur T. Sutherland | 19,628.14, less any legal fees and/or disbursements due to resignor |
| 5) Estate of Margaret Hikes Sutherland | 69,000.00 |
| 6) Estate of Agnes Ingelsby | 4,500.00 |

| | |
|---|---|
| 7) Estate of Mary B. Scienze | 39,464.89 |
| 8) Estate of Ivan Yazarians | 7,800.00 |
| 9) Isabella Gaudio | 37,375.00 |

Mr. Galloway indicates that he is tendering his resignation freely and voluntarily, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including the fact that he is barred from seeking reinstatement as an attorney and counselor-at-law for at least seven years.

Inasmuch as the proffered resignation conforms with 22 NYCRR 691.9, the resignation of Peter P. Galloway as a member of the Bar is accepted and directed to be filed. Accordingly, Peter P. Galloway is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and HART, JJ., concur.

Ordered that the resignation of Peter P. Galloway is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter P. Galloway is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Peter P. Galloway shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter P. Galloway is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.